IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | CASE NO. 4:07CV3271 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ESTATE OF DALE JOHNSON, BILL ZINN, JESSIE RASSMENSEN, BARBRA RAMSEY, SCOTT ADAMS, and BILL GIBSON, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 6, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.    PLAINTIFF'S PENDING MOTION**

Plaintiff filed a Motion to Amend Complaint. (Filing No. 5.) A pleading may be amended one time "at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a). Additionally, amended pleadings filed by a pro se plaintiff may be considered as supplemental to, rather than as superseding, the original pleading. NECivR 15.1(b). Plaintiff's motion is therefore granted and the amended complaint is treated as superseding, rather than as supplemental. Therefore, the Amended Complaint is the operative Complaint and the court will not consider the allegations of the original Complaint.

**II.    INITIAL REVIEW OF COMPLAINT**

**A.    Summary of Complaint**

Plaintiff filed his Amended Complaint in this matter on February 4, 2008, against six current and former State of Nebraska employees, all of whom are or were "responsible for

the operation" of the Lincoln Regional Center. (Filing No. 5, Attach. 1, at CM/ECF pp. 2-5.) Plaintiff has been housed at the Lincoln Regional Center ("LRC") since January 1994 pursuant to an Order of Commitment by the Hayes County, Nebraska, District Court. (*Id.* at CM/ECF p. 2.) Plaintiff seeks relief against Defendants Johnson, Rassmensen, Zinn, and Ramsey in their individual capacities. Plaintiff seeks relief against Defendants Peterson and Gibson in their official capacities.[1] (*Id.* at CM/ECF pp. 2-5.)

Condensed and summarized, Plaintiff alleges that he was originally housed on the "Security Ward 5" at the LRC but that he gradually received "increased levels of liberty" with the state court's permission. (*Id.* at CM/ECF p. 6.) Plaintiff was eventually moved to "Security Ward 2" and was given a "liberty level" of "code-4." (*Id.*) Code-4 allowed Plaintiff to "go unsupervised for up to four hours daily upon the grounds" of the LRC. (*Id.*) After the escape of another inmate from the LRC, Plaintiff's code-4 privileges were suspended. However, Plaintiff "had not committed any errors of behavior or wrongs." (*Id.*) Plaintiff's code-4 privileges were eventually removed and Plaintiff was placed "in a more restrictive environment even though [he] had not committed any errors of behavior or wrongs." (*Id.* at CM/ECF p. 7.) Plaintiff was therefore only able to attain the privileges of codes 1, 2, 3, and 5. (*Id.*)

In 1998, Plaintiff was given state court approval and treatment team approval to be upgraded to code-5 status. (*Id.* at CM/ECF p. 8.) Code-5 status would have allowed Plaintiff either to work in Lincoln, Nebraska, or to attend school. (*Id.*) However, Defendant Ramsey "without reason overruled" the treatment team and state court order and declined

---

[1] Plaintiff refers to "personal" and "professional" capacities. However, the court liberally construes those terms to mean "individual" and "official" capacities.

to allow Plaintiff code-5 status. Further, Defendants Ramsey and Rassmensen removed code-5 privileges completely pursuant to the LRC's "Zero Escape Tolerance Program" policy. (*Id.*) Plaintiff alleges that he had a "vested right" in both the code-4 and code-5 levels of liberty pursuant to state court orders. (*Id.* at CM/ECF pp. 8-9.) Plaintiff further alleges that he "violated no treatment limitations, rules, regulations, or policies to have his liberty . . . denied and removed" and that such denial and removal constitutes punishment "without recourse." (*Id.* at CM/ECF p. 9.)

Plaintiff alleges that Defendants' permanent removal of his liberty privileges constitutes "deliberate indifference" and denial of Plaintiff's "due process" rights under the Nebraska Constitution. (*Id.*) Defendants' actions also allegedly constitute "deliberate indifference" and denial of Plaintiff's rights to "due process" and "equal protection" under the Fourteenth Amendment to the U.S. Constitution. (*Id.*) Plaintiff requests that the court issue a declaratory judgment against Defendants, issue an injunction ordering Defendants Peterson and Gibson to restore Plaintiff's liberty privileges, and award compensatory and punitive damages and attorneys fees to Plaintiff. (*Id.* at CM/ECF pp. 10-13.)

### B.   Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**C.**     **Discussion of Claims**

Liberally construed, Plaintiff's claims are brought pursuant to the Fourteenth Amendment to the U.S. Constitution. Indeed, persons involuntarily civilly committed have liberty interests under the due process clause of the Fourteenth Amendment entitling them

4

to safety, freedom from bodily restraint, and adequate care while in confinement. *Youngberg v. Romeo*, 457 U.S. 307 (1982). Such persons are "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Id.* at 322. As set forth by the Eighth Circuit, where an individual is civilly committed to state custody, "his liberty interests are considerably less than those held by members of free society" but "as compared to a prison inmate," such individuals are entitled to "more considerate treatment and conditions of confinement." *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006).

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n. 7 (8th Cir.) .

In order to constitute a liberty interest, an individual must have a legitimate claim or entitlement to the subject of the deprivation which rises to more than a unilateral hope, or expectation. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459 (1989). A protected liberty interest may arise from either the Due Process Clause of the United States Constitution, itself, or from a state-created statutory entitlement. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983); *Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002) (citations omitted).

Plaintiff here has alleged that he is an involuntarily committed individual in state custody. He has further alleged that he was given certain liberties, including the right to

work and/or attend school, by a court order of the Hayes County, Nebraska, District Court. Defendants then stripped those liberties from Plaintiff through no fault of his own pursuant to their new policy. Plaintiff was therefore unable to proceed with his "dual-idea plan" of either working in Lincoln, Nebraska, or attending school. Liberally construed, Plaintiff has set forth enough facts to nudge his claims across the line from conceivable to plausible. As a result, Plaintiff's claims may proceed and he may serve Defendants with summons. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Amended Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### III. APPOINTMENT OF COUNSEL

In his Amended Complaint, Plaintiff seeks the appointment of counsel. (Filing No.1 at CM/ECF p. 9.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* The court sees no need for appointment of counsel at this time, and Plaintiff's request is therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. The Clerk of the court is directed to file the Amended Complaint (Filing No. 5, attach. 1) as a separate document in this matter;

2. After initial review of the Amended Complaint, Plaintiff's claims against Defendants may proceed and service is now warranted;

3.     To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send SIX (6) summons forms and SIX (6) USM-285 forms (for service on each Defendant in either their individual or official capacity) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

4.     Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so;

5.     Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

6.     Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

7.     The Clerk of Court is directed to set a pro se case management deadline in this case with the following text: "July 29, 2008: Check for completion of service of summons;" and

8.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 1st day of April, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

7