## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | CASE NO. 4:07CV3271 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ESTATE OF DALE JOHNSON, BILL | ) | |
| ZINN, JESSIE RASSMENSEN, | ) | |
| BARBRA RAMSEY, CHRISTINE | ) | |
| PETERSON, and BILL GIBSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff John Maxwell Montin's ("Montin") Motion for Summary Judgment.  (Filing No. 16.)  In response to the Motion for Summary Judgment, Defendants filed a Motion to Dismiss (Filing No. 18), which Montin opposes[1] (Filing Nos. 19 and 20).  As set forth below, both Motions are denied.

### *Background*

Montin filed this action on December 6, 2007.  (Filing No. 1.)  After initial review of the Amended Complaint, this matter was permitted to proceed to service.  (Filing No. 7.)  Montin was given until July 29, 2008 to effect service of process on Defendants in both their individual and official capacities.  (*Id.* at CM/ECF p. 7.)  On April 10, 2008, the Clerk of the court issued summons for all Defendants.  (Filing No. 9.)  On April 17, 2008, all six of the summonses were returned as "executed."  (Filing Nos. 10, 11, 12, 13, 14, and 15.) The summons forms were served by the United States Marshal and each was directed to

---

[1]Montin's opposition to the Motion to Dismiss is styled as a Motion in Opposition to Dismissal and Brief in Support.  (Filing Nos. 19 and 20.)

be served on Defendants at the "Office of Nebraska Attorney General."   (Filing Nos. 10,

11, 12, 13, 14, and 15.)

On May 9, 2008, Montin filed his Motion for Summary Judgment.  (Filing No. 16.)

In his Motion, Montin states that Defendants were "duly served" but "failed to answer or

otherwise respond" within the required period of time.  (*Id.*)  Montin requests that the court

therefore enter judgment in his favor.   In substance, Montin's Motion for Summary

Judgment is a Motion for Default Judgment.  On June 2, 2008, Defendants filed their Brief

in Opposition to Plaintiff's Motion for Summary Judgment.  (Filing No. 21.)  Defendants

also separately filed a Motion to Dismiss.  (Filing No. 18.)  In their Motion, Defendants state

that "no summons ha[s] been served upon any of the Defendants" and therefore "no

personal jurisdiction has been established."  (*Id.*)  However, Defendants did not submit a

supporting brief in compliance with the court's Local Rules.  *See* NECivR 7.1(a)(1)(A) ("A

motion raising a substantial issue of law must be supported by a paginated brief filed and

served contemporaneously with the motion.").[2]

## *Analysis*

Before the court are two competing Motions in this matter, Plaintiff's Motion for

Summary Judgment (Filing No. 16) and Defendants' Motion to Dismiss (Filing No. 18).

After careful review of the record, the issue is simply whether service was proper, and if

so, whether default judgment is appropriate in light of Defendants's failure to answer or

otherwise respond to Plaintiff's Amended Complaint.

---

[2]Not only have Defendants failed to submit a separate brief, they have not cited a
single case or other authority in support of their Motion to Dismiss or in opposition to
Plaintiff's Motion.  Defendants are cautioned that, in the future, they must comply with the
Federal Rules of Civil Procedure and the court's Local Rules.

2

## A.        Service in Defendants' Official Capacity

Federal Rule of Civil Procedure 4(j) requires that service on "[a] state, a municipal corporation, or any other state-created governmental organization[3] . . . must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."   Fed. R. Civ. P. 4(j)(2).   With regard to section (B), the State of Nebraska states that:

> The State of Nebraska, any state agency as defined in section 81-8,210, and any employee of the state as defined in section 81-8,210 sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail service addressed to the office of the Attorney General.

Neb. Rev. Stat. § 25-510.02(1).

Thus, in order to serve Defendants in their official capacities, Montin was required to serve the chief executive officer of the agency or agencies which employ Defendants. Alternatively, Montin could serve summons on the Nebraska Attorney General.  As set forth above, Montin served each Defendant through the United States Marshal by leaving a copy of the summons and Amended Complaint at the Nebraska Attorney General's office. (Filing Nos. 10, 11, 12, 13, 14, and 15.)  Montin has therefore properly served each Defendant in their official capacity.

---

[3]Claims against state employees in their official capacities are claims against the state itself. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted).  Thus, service must be effected as though the action is against the state.

Federal Rule of Civil Procedure 55(a) permits the entry of default judgment where a defendant "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  While it is true that Defendants here did not answer the Amended Complaint, they have defended against Plaintiff's claims by filing a Motion to Dismiss.  Therefore, the court declines to grant default judgment to Plaintiff.  Rather, on the court's own motion, Defendants in their official capacities are permitted 20 days in which to file an answer or other response to Plaintiff's Amended Complaint.

### B.      Service in Defendants' Individual Capacity

As set forth in Federal Rule of Civil Procedure 4(e):

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Montin argues that serving summons on the Nebraska Attorney General's Office was sufficient service because he served that entity as counsel for Defendants.  (Filing No. 20.)  Defendants argue that counsel had not yet filed an appearance and that, at the time of service, Plaintiff "was merely speculating as to who may or may not represent the defendants who are all individuals."  (Filing No. 21.)

4

Defendants are correct that no appearance had been filed on their behalf. Further, Plaintiff has not submitted any evidence showing that the Nebraska Attorney General is an agent authorized by Defendants in their individual capacities to accept service of process on their behalf in this matter.[4]  In light of all this, service on the Nebraska Attorney General was insufficient as to Defendants in their individual capacities.

"While a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, . . . especially where justice demands and prejudice would not result to the improperly served parties." *McCaslin v. Cornhusker State Indus., 952 F. Supp. 652, 659 (D. Neb. 1996)* (internal citation omitted).  As set forth above, service on Defendants in their individual capacities was improper.  However, on the court's own motion, Plaintiff shall have an additional 30 days in which to effect service of process on Defendants in their individual capacities.  Plaintiff is cautioned that he must comply with the Federal Rules of Civil Procedure in serving Defendants.  Failure to properly serve Defendants within 30 days will result in the dismissal of the claims against Defendants in their individual capacities.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Motion for Summary Judgment (Filing No. 16) is denied without prejudice to reassertion;

2.    Defendants' Motion to Dismiss (Filing No. 18) is denied.  Plaintiff's Motion in Opposition to Dismissal (Filing No. 19) is granted to the extent it is consistent with this Memorandum and Order;

---

[4]Plaintiff's argument is based in part on the fact that the Nebraska Attorney General's office represents Defendant Bill Gibson in another unrelated matter in this court. (*See* Case No. 4:08CV3027.)  However, that separate habeas corpus proceeding has no relevance here.  It is not appropriate for Plaintiff, or the court, to assume that the Nebraska Attorney General's office will represent any Defendant in his or her individual capacity.

3.      Defendants, in their official capacities, shall have until September 29, 2008 in which to file an answer or other response to Plaintiff's Amended Complaint;

4.      Plaintiff shall have until October 9, 2008 in which to properly serve Defendants in their individual capacities;

5.      To obtain service of process on Defendants in their individual capacities, Plaintiff must complete and return the summons forms which the Clerk of the court will provide.  The Clerk of the court shall send SIX (6) summons forms and SIX (6) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court.  In the absence of the forms, service of process cannot occur;

6.      Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Amended Complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the court will copy the Amended Complaint, and Plaintiff does not need to do so;

7.      The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**October 9, 2008:** Check for completion of service of summons"; and

8.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.


DATED this 9th day of September, 2008.


                        BY THE COURT:


                        s/Laurie Smith Camp
                        United States District Judge