### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JOHN MAXWELL MONTIN,** | )     **CASE NO. 4:07CV3271** |
|        **Plaintiff,** | ) |
| | )     **MEMORANDUM** |
|        **v.** | )     **AND ORDER** |
| | ) |
| **ESTATE OF DALE JOHNSON, et al.,** | ) |
| | ) |
|        **Defendants.** | ) |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 28.) As set forth below, Defendants' Motion to Dismiss is denied.

### I. BACKGROUND

There are three Motions pending before this court: Defendants' Motion to Dismiss (Filing No. 28); Defendants' Motion to Strike (Filing No. 39); and Plaintiff's Motion to Strike (Filing No. 43). The procedural background of these motions is complex and is detailed below.

    1.    Plaintiff filed a Complaint on December 6, 2007 (Filing No. 1); an Amended Complaint on April 1, 2008 (Filing No. 8); and a Motion for Summary Judgment on May 9, 2008, based on Defendants' failure to answer or respond to the Complaint (Filing No. 16).

    2.    Defendants filed a Motion to Dismiss on May 20, 2008, based on Plaintiff's failure to serve summons upon Defendants. (Filing No. 18.) Plaintiff filed a Motion, Brief, and Reply Brief opposing dismissal. (Filing Nos. 19, 20, and 22.)

    3.    On September 9, 2008, this court denied Plaintiff's Motion for Summary Judgment and Defendants' Motion to Dismiss, and granted Plaintiff's Motion in Opposition to Dismissal. (Filing No. 23.)

4. Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and a supporting Brief on October 14, 2008. (Filing Nos. 28 and 29.) Plaintiff filed a Brief and Reply Brief opposing Defendants' Motion to Dismiss. (Filing Nos. 36 and 38). Plaintiff did not have leave of the court to file the Reply Brief.

5. Defendants filed a Motion to Strike Plaintiff's Reply Brief on November 7, 2008 (Filing No. 39), and Plaintiff filed a Brief opposing Plaintiff's Motion on November 17, 2008 (Filing No. 40.)

6. On December 8, 2008, Plaintiff filed a Motion to Strike Defendants' Motion to Dismiss and a supporting Brief, citing Federal Rule of Civil Procedure 12(g)(2) as the basis for his Motion. (Filing Nos. 43 and 44.) Defendants filed an opposing Brief (Filing No. 45), asserting that Rule 12(g)(2) limitations on successive motions do not prohibit motions relating to subject matter jurisdiction.

## II. ANALYSIS

In their October 14, 2008, Motion to Dismiss, Defendants seek dismissal of this case pursuant to Rule 12(b)(1). (Filing No. 28.) Defendants argue that this court lacks subject matter jurisdiction because Plaintiff filed suit outside of the applicable statute of limitations period. (*Id*. at CM/ECF p. 1.) This court has carefully reviewed Defendants' Motion to Dismiss and supporting Brief and finds that Defendants' Motion must be denied, pursuant to Rule 12(g)(2). As set forth in that Rule:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed. R. Civ. P. 12(g)(2). Federal Rule of Civil Procedure 12(h)(3) limits the reach of Rule 12(g)(2) and provides the following: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Defendants are correct in their assertion that the Rule 12(g)(2) limitations on successive motions do not prohibit motions relative to subject matter jurisdiction. (Filing No. 45 at CM/ECF p. 2-3.) However, the court has found no case law supporting Defendants' assertion that the statute of limitations question is jurisdictional. Rather, a claim that the statute of limitations has expired is an affirmative defense, which may be waived if not timely asserted. *Myers v. Vogal*, 960 F.2d 750 (8th Cir. 1992); *Sanders v. Department of the Army*, 981 F.2d 990 (8th Cir. 1992). Defendants fail to cite any law or legal reasoning to support their claim that this court lacks subject matter jurisdiction because Plaintiff filed suit outside of the statute of limitations period. In other words, Defendants cannot escape the limitations set forth in Rule 12(g)(2) by simply labeling their Motion to Dismiss as one of "subject matter jurisdiction through the statute of limitations." (Filing No. 45 at CM/ECF p. 2-3.)[1]

In short, Defendants' October 14, 2008, Motion to Dismiss (Filing No. 28) asserts an affirmative defense that was available to them but omitted from their May 20, 2008, Motion to Dismiss (Filing No. 18). Defendants have not provided a basis for this court to determine that the defense is an issue of subject matter jurisdiction that precludes it from

---

[1] In addition, the parties disagree regarding whether Plaintiff's mental status and involuntary commitment to the Lincoln Regional Center tolled the applicable statute of limitations period. (*See* Filing No. 36 at CM/ECF pp. 2-3; Filing No. 37 at CM/ECF pp. 1-2.) The court believes deciding this issue will require the presentation of factual evidence which may only be brought before the court pursuant to a motion for summary judgment or trial and not through a motion to dismiss.

3

the limitations set forth in Rule 12(g)(2).  Therefore, Defendants' Motion to Dismiss is denied.

    IT IS THEREFORE ORDERED that:

1.    Defendants' Motion to Dismiss (Filing No. 28) is denied without prejudice to reassertion in a motion filed pursuant to Federal Rule of Civil Procedure 56;

2.    Defendants' Motion to Strike (Filing No. 39) is denied as Moot;

3.    Plaintiff's Motion to Strike (Filing No. 43) is denied as Moot; and

4.    Defendants shall file an answer within 10 days in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

DATED this 2nd day of February, 2009.

                                          BY THE COURT:

                                          s/Laurie Smith Camp
                                          United States District Judge