# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | CASE NO. 4:07CV3271 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM |
| THE ESTATE OF DALE JOHNSON, | ) | AND ORDER |
| BILL ZINN, JESSIE RASSMENSEN, | ) | |
| BARBRA RAMSEY, BILL GIBSON, | ) | |
| and CHRISTINE PETERSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Bill Gibson and Christine Peterson's Motion for Summary Judgment. (Filing No. 57.) As set forth below, Defendants' Motion is granted and this matter is dismissed.

### *BACKGROUND*

Plaintiff filed his Complaint in this matter on December 6, 2007. (Filing No. 1.) Plaintiff thereafter filed his Amended Complaint, which superseded the Complaint and is the operative complaint. (Filing No. 8.) Liberally construed, Plaintiff's Amended Complaint alleges that, as a patient at the Lincoln Regional Center in 1998, Defendants permanently removed certain privileges from him in violation of the Fourteenth Amendment to the U.S. Constitution. (*Id.*)

Defendants Bill Gibson and Christine Peterson filed their Motion for Summary Judgment on April 14, 2009. (Filing No. 57.) Along with their Motion, these two Defendants also filed an Index of Evidence and Brief in Support. (Filing Nos. 58 and 59.) Defendants Gibson and Peterson argue that Plaintiff's claims are barred by the relevant statute of limitations and must be dismissed. (Filing No. 57.) Plaintiff filed a Brief in Opposition to the Motion. (Filing No. 67.) However, Plaintiff did not submit any evidence in response to Defendants' Motion.

Separately, Plaintiff filed his Motion for Summary Judgment and several supporting documents. (Filing Nos. 50, 51, 52, 53, and 54.)  Summarized, Plaintiff's Motion seeks default judgment against the remaining Defendants because they failed to answer or otherwise plead.  Plaintiff also argues that his claims are not barred by the relevant statute of limitations because he was previously determined to be "mentally ill."  (Filing No. 53.) Defendants Gibson and Peterson oppose Plaintiff's Motion for Summary Judgment for the same reasons set forth in their Motion for Summary Judgment, that Plaintiff's claims are barred by the relevant statute of limitations.  (Filing No. 55.)

Thus, the basic question presented to the court by the parties is whether Plaintiff's claims are barred by the applicable statute of limitations.  In addition, the court must determine the status of the remaining Defendants.

### *DEFENDANTS GIBSON AND PETERSON'S*
### *MOTION FOR SUMMARY JUDGMENT*

## I.      Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c).  *See also* Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994).  It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue.  Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999).  In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

2

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)).  "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.*  Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## II.     Statute of Limitations

### A.     Applicable Statute of Limitations

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983.  (Filing No. 8 at CM/ECF p. 2.)  "The applicable state law statute of limitations governs § 1983 claims." *Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir.2007) (affirming dismissal).  In Nebraska, there is a four-year statute of limitations that applies to suits brought pursuant to 42 U.S.C. § 1983.  *See Poor Bear v. Nesbitt*, 300 F. Supp. 2d 904, 912-913 (D. Neb. 2004) (affirming dismissal of section 1983 claim that alleged, among other things, an improper arrest because the four-year statute of limitations found in Neb. Rev. Stat. § 25-207 had run) (quoting *Bauers v. City of Lincoln*, 514 N.W.2d 625, 634 (Neb. 1994) which relied upon *Bridgeman v. Nebraska State Pen*, 849 F.2d 1076, 1077 (8th Cir.1988)).

Summarized, Plaintiff alleges in his Amended Complaint that certain privileges and "liberties" were temporarily taken away from him in 1995 and 1996, while he was housed at the Lincoln Regional Center.  (Filing No. 8 at CM/ECF pp. 6-7.)  Plaintiff further alleges

that, in 1998, Defendants changed their policies to permanently remove these privileges and "liberties." (*Id.* at CM/ECF pp. 8-9.) Thus, the last date on which the events giving rise to Plaintiff's claims occurred is 1998. Applying the four-year statute of limitations, Plaintiff must have brought his claims no later than 2002. Plaintiff filed his Complaint on December 6, 2007, five years after the statute of limitations expired.[1] (Filing No. 1.) Therefore, unless Plaintiff is entitled to tolling, his claims are therefore barred by the applicable statute of limitations.

### B.   Tolling

While not included in his Response to the Motion for Summary Judgment, Plaintiff's Motion for Summary Judgment argues that he is entitled to tolling of the applicable statute of limitations due to his mental disorder. (Filing No. 53.) As set forth in Neb. Rev. Stat. § 25-213:

> [I]f a person entitled to bring any action mentioned in Chapter 25 . . . is, at the time the cause of action accrued, within the age of twenty years, a person with a mental disorder, or imprisoned, every such person shall be entitled to bring such action within the respective times limited by Chapter 25 after such disability is removed.

*Id.* For purposes of tolling under this statute, a "mental disorder" must render an individual "incapable of understanding his legal rights or instituting legal action." *Kraft v. St. John Lutheran Church*, 414 F.3d 943, 948 (8th Cir. 2005) (citing *Vergara v. Lopez-Vasquez*, 510 N.W.2d 550, 554 (Neb. Ct. App. 1993)). Stated another way, under Nebraska law, "[p]ersons with a mental disorder sufficient to justify the tolling provision are not able to evaluate and communicate information necessary to protect their rights." *Id.*

---

[1]Plaintiff does not specify the exact date in 1998 on which Defendants permanently removed his privileges. Even assuming Defendants took this action on December 31, 1998, Plaintiff's claims are still untimely.

Here, Defendants filed the Affidavit of Y. Scott Moore, M.D. ("Moore").  (Filing No. 58-2, Attach. 1.)  Moore states that he is a psychiatrist who testified as an expert witness at Plaintiff's trial in 1993, and has treated Plaintiff "extensively" since 1998.  (*Id.*)  Moore further states that:

> [Plaintiff] is a mentally ill person with a primary diagnosis of Paranoid Delusion Disorder.  However, he is sufficiently competent and able to carry out the Activities of Daily Living to the extent that he is aware of what is happening to him involving his treatment and privileges and he can reasonably be expected to be able to take appropriate actions to safeguard his own interests as he sees fit.  He has consistently functioned at that level throughout his hospitalization at the Lincoln Regional Center and he has brought numerous lawsuits on his own behalf in an effort to assert his rights as he viewed them.

(*Id.*)  As set forth in *Kraft*, simply being diagnosed with a mental illness does not automatically toll the statute of limitations.  Indeed, the plaintiff in *Kraft* had been diagnosed with "moderate to severe posttraumatic stress disorder, moderate to severe dysthymic reaction, moderate to severe fulminating somataform disorder, complex trauma reaction, and chronic fulminating dissociative disorder."  *Kraft*, 414 F.3d at 948.  Thus, although Plaintiff has been adjudicated mentally ill, and has been diagnosed with "paranoid delusion disorder," he must show that he was unable to understand his legal rights and institute legal action during the running of the statute of limitations in this matter.

Plaintiff has not submitted any evidence in response to Moore's Affidavit.  In addition, during the relevant limitations period, 1998 to 2002, Plaintiff filed three separate actions in this court.  (*See* Case Nos. 4:98CV3100, 4:99CV3244, 4:99CV3271.)  In addition, documents submitted by Plaintiff in other cases show that he initiated several additional actions in state court during the relevant limitations period.  (Case No. 4:03CV3096, Filing No. 1.)  In each of these cases, Plaintiff proceeded pro se in

5

challenging his confinement and the conditions of his confinement.  It is clear that, although Plaintiff had a mental illness during the relevant limitations period, he was capable of understanding his legal rights and instituting legal action.  The undisputed facts set forth in Moore's Affidavit, coupled with Plaintiff's voluminous pro se litigation during the limitations period, show that tolling of the statute of limitations is not appropriate in this case.  As such, Defendants' Motion for Summary Judgment is granted.

### REMAINING DEFENDANTS

Plaintiff has sued Defendants Gibson and Peterson in their official capacities only. (Filing No. 8 at CM/ECF pp. 1-5.)  The remaining Defendants are sued in their individual capacities only.  (*Id.*)  On September 9, 2008, the court denied Defendants' Motion to Dismiss, in which they argued that dismissal was warranted due to improper service. (Filing No. 23.)  In that Memorandum and Order, the court explained in detail what was required for service on Defendants in their official capacities and found that Gibson and Peterson were properly served in their official capacities.  (*Id.* at CM/ECF pp. 3-4.)  The court also explained what was required for service on Defendants in their individual capacities and found that service on the remaining Defendants in their individual capacities was insufficient.  (*Id.* at CM/ECF pp. 4-5.)  The court then permitted Plaintiff an additional thirty days in which to properly serve the remaining Defendants in their individual capacities.  (*Id.* at CM/ECF p. 5.)

In response to the September 9, 2008 Memorandum and Order, Plaintiff submitted additional summons forms for service on the remaining Defendants in their individual capacities.  Those summons were all returned as executed.  (Filing Nos. 30, 31, 32, 33, 34, and 35.)  However, it appears that Plaintiff once again served these Defendants at the

office of the Nebraska Attorney General.  As the court previously informed Plaintiff, service on the Nebraska Attorney General is insufficient service on Defendants in their individual capacities.  Plaintiff had guidance from the court, and more than one year, to properly serve Defendants.  He failed to do so.  As such, Plaintiff's claims against the remaining Defendants are dismissed without prejudice.[2]

     IT IS THEREFORE ORDERED that:

1.     Defendants Bill Gibson and Christine Peterson's Motion for Summary Judgment (Filing No. 57) is granted.  All claims against Gibson and Peterson, sued in their official capacities only, are dismissed with prejudice;

2.     All claims against Defendants Estate of Dale Johnson, Bill Zinn, Jessie Rassmensen, and Barbra Ramsey, sued in their individual capacities only, are dismissed without prejudice;

3.     A separate judgment will be entered in accordance with this Memorandum and Order; and

4.     All other pending motions are denied.

     Dated this 1st day of September, 2009.

                    BY THE COURT:

                    s/Laurie Smith Camp
                    United States District Judge

---

[2]A court has "broad remedial power to correct the [improper] service."  *McCaslin v. Cornhusker State Indus.*, 952 F. Supp. 652, 659 (D. Neb. 1996) (internal citation omitted). Permitting Plaintiff additional time to correct service would be futile under these circumstances, given that Plaintiff's claims are barred by the applicable statute of limitations.

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.