IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN MAXWELL MONTIN, | ) | CASE NO. 4:07CV3271 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ESTATE OF DALE JOHNSON, the, | ) | |
| BILL ZINN, JESSIE RASSMENSEN, | ) | |
| BARBRA RAMSEY, BILL GIBSON, | ) | |
| and CHRISTINE PETERSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Appoint Counsel (Filing No. 74), Motion for Leave to Appeal In Forma Pauperis ("IFP") (Filing No. 78) and Motion for Leave to Use Original Record (Filing No. 73).

I.   **Motion to Appoint Counsel**

As the court has previously informed Plaintiff, the court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted).  No such benefit is apparent here.  The request for the appointment of counsel is therefore denied without prejudice to reassertion before the Eighth Circuit.

## II. Leave to Appeal In Forma Pauperis

Plaintiff also seeks leave to appeal IFP. (Filing No. 78.) On September 2, 2009, the court dismissed Plaintiff's claims and entered judgment against Plaintiff. (Filing Nos. 70 and 71.) Thereafter, Plaintiff filed a timely Notice of Appeal of the court's Judgment. (Filing No. 72.) Plaintiff is not a prisoner and has previously been granted leave to proceed IFP in this matter. (Filing No. 6.)

As set forth in Federal Rule of Appellate Procedure 24(a)(3):

> (a) Leave to Proceed in Forma Pauperis ....
> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

The court finds that because Plaintiff proceeded IFP in the district court, he may now "proceed on appeal in forma pauperis without further authorization."

## III. Leave to Use Original Record

Plaintiff seeks leave to use the original record on appeal in this matter pursuant to Federal Rule of Appellate Procedure 24(c). The Clerk of the court will transmit the record on appeal in accordance with all relevant rules and procedures. To the extent that Plaintiff requests something further, his Motion is denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Appoint Counsel (Filing No. 74) is denied without prejudice to reassertion before the Eighth Circuit;

2.  Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Filing No. 78) is granted;

3.  Plaintiffs's Motion for Leave to Use Original Record (Filing No. 73) is denied; and

4.  The Clerk of the court shall provide the Court of Appeals with a copy of this Memorandum and Order.

Dated this 19th day of November, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.