**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **JOHN MAXWELL MONTIN,** ) | **CASE NO. 4:07CV3271** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **BILL GIBSON, and CHRISTINE** ) | |
| **PETERSON,** ) | |
| ) | |
| **Defendants.** ) | |

On September 1, 2009, the court dismissed this matter as to Defendants Bill Gibson and Christine Peterson in their official capacities, finding that Plaintiff's claims were barred by the applicable statute of limitations. (Filing No. 70.) The court dismissed the remaining Defendants because Plaintiff failed to properly serve them. (*Id.*) On April 14, 2011, the Eighth Circuit reversed this court's decision regarding Defendants Gibson and Peterson on the statute of limitations issue, and remanded this matter for further proceedings. (Filing Nos. 89 and 90.) The Eighth Circuit did not alter the court's dismissal of the remaining Defendants. (Filing No. 87 at CM/ECF p. 4.)

In its opinion, the Eighth Circuit stated that "nothing in this opinion should be interpreted as prohibiting the court from entertaining substantive arguments or dispositive motions as to the ultimate merits of the underlying claims." (*Id.* at CM/ECF p. 12.) In light of this, the court has determined that a progression order will be entered for resolution of

the "ultimate merits of the underlying claims."[1]  The court has also determined that appointment of counsel for Plaintiff is appropriate.[2]

IT IS THEREFORE ORDERED that:

1. With thanks for accepting the appointment, Michael Gooch is hereby appointed to represent Plaintiff.  The Clerk of the court shall provide Mr. Gooch with a copy of this Memorandum and Order;

2. Mr. Gooch shall promptly enter his appearance in this matter;

3. Upon the entry of Mr. Gooch's appearance, the Clerk of the court shall immediately pay the sum of $1,000 to Mr. Gooch;

4. A second, and last, installment of $1,000 shall become due and payable upon the entry of judgment in the district court or upon an order terminating Mr. Gooch's service as Plaintiff's attorney;

5. Mr. Gooch may incur reasonable expenses when representing Plaintiff in accordance with parts III(A), VI(C), VI(E), VI(F), VI(G),  VI(H), and VI(I) of the *Amended Plans for Administration of the Federal Practice Funds and Federal Practice Committee* (available at http://www.ned.uscourts.gov/pom/crtplans/index.html).  *See also* NEGenR 1.7(g) and NECivR 54.3-54.4;

6. If this suit results in an award of attorney fees pursuant to 42 U.S.C. § 1988, Mr. Gooch shall reimburse the Federal Practice Fund from that award for the lesser amount of (a) the attorney's fee and expenses authorized in this order or (b) the attorney's fee and expense awarded pursuant to 42 U.S.C. § 1988.  He shall retain the greater of those two amounts;

---

[1]The progression order will be directed to the ultimate merits of the underlying claims.  However, the court will proceed to the merits without prejudice to consideration of the statute of limitations issue at a later date, if necessary.

[2]The Eighth Circuit appointed counsel on appeal and noted in its opinion that "counsel has been appointed on appeal and can assist on remand." (Filing No. 87 at CM/ECF p. 12.)  Chief Judge Bataillon has been consulted and agrees that counsel may be appointed.  Additionally, "[t]he trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . .").  *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996).

7. The Clerk of the court shall provide counsel for Defendants and Chief Judge Bataillon with a copy of this Memorandum and Order; and

8. A separate progression order will be entered progressing this matter to final disposition on the merits of the underlying claims.

DATED this 11th day of May, 2011.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.