# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2577
_____

John Maxwell Montin

*Plaintiff - Appellant*

v.

Bill Gibson

*Defendant - Appellee*

The Estate of Dale Johnson; Bill Zinn; Jessie Rassmensen; Barbra Ramsey; Christine Peterson

*Defendant*s

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: May 15, 2013
Filed: June 28, 2013

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Plaintiff John Maxwell Montin appeals the district court's[1] adverse grant of summary judgment on his civil-rights complaint. We affirm.

I.   Background

Montin is an involuntarily committed mental patient housed in the secure forensics unit of the Lincoln Regional Center in Lincoln, Nebraska ("Center"). He was confined to the Center in 1994 after a jury found him not guilty by reason of insanity following a trial on charges of false imprisonment and use of a firearm to commit a felony. In 2007, he sued various officials alleging that a facility-wide change in policy deprived him of a previously held ability to walk unsupervised around an unsecured area of the grounds at the Center. He alleged this deprivation amounted to a violation of his due process and equal protection rights under the U.S. and Nebraska Constitutions. The district court dismissed the complaint as untimely.

In a prior opinion, we discussed details of the facility's policies, changes to the policies, and Montin's history at the facility. See Montin v. Estate of Johnson, 636 F.3d 409, 410–12 (8th Cir. 2011) ("Montin I"). We remanded for the district court to address certain factual questions and previously unaddressed legal questions surrounding statute-of-limitations and equitable-tolling issues. We expressed no opinion as to the substantive merits of the dispute. We indicated that the precise contours of Montin's claims were not clear, and we stated that "nothing in this opinion should be interpreted as prohibiting the court from entertaining substantive arguments or dispositive motions as to the ultimate merits of the underlying claims." Id. at 416.

---

[1]The Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska, presiding by the consent of the parties pursuant to 28 U.S.C. § 636(c).

-2-

On remand, the defendants abandoned their statute-of-limitations arguments and the parties filed cross-motions for summary judgment on the merits. In doing so, Montin fleshed out his allegations of constitutional violations. He did not argue that he was prevented from walking outdoors, merely that he was prevented from walking in the unsecured area without supervision. The district court interpreted Montin's arguments surrounding this purported deprivation as presenting two separate substantive due process claims.[2] First, Montin argued that the facility's change in policy infringed his liberty interest in avoiding unnecessary bodily restraint. Second, he argued that he possessed a constitutionally protected liberty interest created by a state statute requiring his commitment to the least restrictive available setting with medically appropriate mental-health treatment. According to Montin, the facility policy precluding unsupervised walks served to unconstitutionally limit the possible treatment recommendations of mental-health professionals and resulted in overly restrictive confinement without medically appropriate mental-health treatment.

The district court interpreted Montin's rights under the U.S. and Nebraska Constitutions to be co-extensive as to the issues presented. The court concluded that the refusal to permit unsupervised walks on the unsecured grounds of the facility did not amount to bodily restraint and was not the deprivation of a protected liberty interest. The court held in the alternative that, even if Montin had articulated a protected liberty interest in this regard, the Center's general change in policy did not rise to the level of a substantive due process violation. The court also concluded that, even if there were a violation of a state-law requirement for the least restrictive

---

[2]Montin purported to also assert a procedural due process claim, but the district court viewed his claim as indistinguishable from an equal protection claim that he abandoned. On appeal, based upon the captions used in his brief, he appears to again attempt to raise a procedural due process claim. His arguments regarding such a claim, however, are not materially distinct from his substantive due process claim, and he does not articulate clearly what process he has been denied.

-3-

setting and appropriate mental-health treatment, no such state-law violation shocked the conscience as required to establish a substantive due process violation.

II.     Discussion

We review a grant of summary judgment *de novo*. Owners Ins. Co. v. European Auto Works, Inc., 695 F.3d 814, 818 (8th Cir. 2012).

A.     Bodily Restraint

The Supreme Court has recognized that involuntarily civilly committed persons hold a protected liberty interest to be free from unnecessary bodily restraint. Youngberg v. Romeo, 457 U.S. 307, 320–22 (1982). Neither our court nor the Supreme Court have held that a refusal to permit an involuntarily civilly committed person to walk unsupervised in an unsecured area rises to the level of a "bodily restraint." There is a stark difference between actual physical restraints we have addressed in prior opinions and the interest Montin asserts in this case. See, e.g., Beaulieu v. Ludeman, 690 F.3d 1017, 1031 (8th Cir. 2012) (use of "a black box, a wrist chain, and leg irons" for "travel outside of the secure perimeter"); Strutton v. Meade, 668 F.3d 549, 553 (8th Cir. 2012) (use of a "restriction table"); Heidemann v. Rother, 84 F.3d 1021, 1025 (8th Cir. 1996) (tightly binding with a blanket the body of a non-verbal, physically and mentally disabled nine-year-old girl who suffered from epilepsy).

At some point along the spectrum of restrictions that might potentially be characterized as bodily restraints, the asserted restraint becomes merely an incident of the fact of commitment. We stress again that Montin does not actually complain about a denial of access to unsecured portions of the Center's grounds or an inability to walk outdoors. He complains only about a denial of *unsupervised* access to the

-4-

unsecured grounds. We believe that Montin simply has failed to articulate a bodily restraint.

Even if Montin's allegations did suggest a bodily restraint pursuant to Youngberg, however, his claim would fail. The test for assessing the constitutionality of such a restraint is a "professional judgment" test. Youngberg, 457 U.S. at 321. Pursuant to this test, great deference is owed to the professional judgment of a qualified professional charged with balancing the plaintiff's freedom from bodily restraint against the safety of the public, the plaintiff, and other patients. Id. ("It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made.") (internal quotation marks omitted). Where, as here, it is difficult even to characterize the claimed restriction as a bodily restraint, the balancing test of the professional-judgment standard necessarily leads to failure of the patient's claims.

### B. "Conscience-Shocking" Standard

When Youngberg does not apply, the "professional-judgment" standard does not apply. Strutton, 668 F.3d at 557. In such a situation, a plaintiff may maintain a substantive due process claim only if the contested state action is "so egregious or outrageous that it is conscience-shocking." Burton v. Richmond, 370 F.3d 723, 729 (8th Cir. 2004). Nothing about the policy at issue in Montin's case approaches this standard.

Finally, it is well settled that the liberty interest at the heart of a due process claim may be a right created by state law, as is the case with Montin's second claim. See Ky. Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1989) ( "Protected liberty interests may arise from . . . the laws of the States.") (citation and internal quotation marks omitted). We employ the same "conscience-shocking" standard for such claims because "[w]e remain cautious not to turn every alleged state law violation

-5-

into a constitutional claim."  <u>Strutton</u>, 668 F.3d at 557.  Here, even assuming Montin has articulated a liberty interest created by state law relating to his actual confinement and treatment, or relating to limitations upon medical professionals' treatment recommendations in light of security policies, nothing about the Center's actions is "egregious," "outrageous," or "conscience-shocking."  We refuse to dilute these concepts based upon the present allegations.

  We affirm the well-reasoned judgment of the district court.

_____

-6-